LUIS BROWN, Plaintiff and Appellee, v. PEÑA & BALBÁS, Defendants and Appellants.

No. 3852.   Argued March 1, 1926.—Decided May 19, 1926.

*A. Marín Marién* for the appellants.  *J. Valldejuli Rodríguez* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

We are presented with a motion of dismissal for failure to bring a record here within thirty days, inasmuch as appellee maintains that the time finally granted to incorporate the evidence was beyond the power of the district court.

The appellants obtained several extensions for filing a statement of the case and bill of exceptions. On the 4th of January there was an extension of twenty days which expired on January 24th, a Sunday. No motion of extension was filed on the 25th of January. On the 26th of January, invoking section 140 of the Code of Civil Procedure, appellants filed a motion asking for time to present the said statement and bill. The motion recited the diligence of appellants in trying to speed the stenographer and also said that on the 25th of January appellants made various efforts to find the attorney of appellee, but unsuccessfully. The court granted the appellants time to present their bill and statement.

We may say immediately that if this case depended solely upon the notification to the opposite attorney the appellants made out a good case. However, as appellee

suggests, there is no necessity for notice when extensions are desired and they are granted *ex parte*. In the instant case extensions were granted without notice to the attorney for the appellee and on January 25, 1926, there was no need to serve a notice on the said appellee.

The appellee also points out that in the instant case there was in form no extension of time, but the court granted appellants so many days within which to file a statement of the case and bill of exceptions. In other words, in form at least the court was granting a new term.

■ Much insistence need not be had upon whether the term created was an extension or a new term, as the court below purported to be exercising a power conferred by section 140 of the Code of Civil Procedure. In other cases, moreover, we have held that a discretion exercised under this section after judgment was appealable and should be made the object of an appeal.

The appellee insists that the district court had no power to act under section 140, *supra,* when a bill of exceptions or the like is concerned. We have so decided a number of times, but neither the judge of the court below nor the parties seem to be aware of the jurisprudence. *Díaz* v. *Porto Rico Railway, Light & Power Co.,* 32 P.R.R. 89; *Díaz* v. *Porto Rico Railway, Light & Power Co.,* 32 P.R.R. 336, and cases cited. At least no attempt is made to discuss the cases.

■ An additional reason occurs to us why the Legislature did not intend that the district courts should have power to grant extension or new terms, once the existing terms have expired. Here, for instance, on the 26th of January, under the Act of 1911 and our rules, a clear right to a dismissal arose in the appellee and he could have moved therefor in this court after filing the necessary documents. By the appeal the case had passed into the jurisdiction of this court and we should have had the right to dismiss. The appellee should in no case have to wait to see if the court

below was disposed to create a new term or extend an expired one. Under the literal terms of section 140, *supra*, if supposed to be applicable, the appellants could move within six months. Enormous confusion would arise unless it is this court that has the sole power to condone a failure to comply with the law. If power to condone is given a district court it ought to be for a time much more limited.

██ The appellants also invoke our discretion and cite the case of *Remy* v. *Muñoz et al.*, 34 P.R.R. 493, and subsequent decisions in the same case. In the same way as we think the district court should not have exercised its discretion similarly, none should be exercised here. No reason whatever was shown for not filing a motion on the 25th of January, 1926. In the case of *Remy* v. *Muñoz et al.*, *supra*, the appellants convinced us of an actual error of computation. The case was on the very border line, as shown by the subsequent dissents of two judges. The writer, who did not intervene in the act of discretion, himself doubts whether such discretion should have been exercised, but once the case was rehabilitated by this court he felt bound to allow appellants to incorporate the evidence, as the subsequent delays were due to the right of the district judge to consider the evidence.

Chief Justice Del Toro and Justice Hutchison dissented.